1 — COMPLAINT

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

---

AUG 5 2025 AM 11:55
FILED - USDC - FLMD - TPA

Natasha Dawes,

Plaintiff,

v.

Smile Brands East, LLC,

Defendant.

Case No.: 8:25-cv-2074-MSS-LSG

Jury Trial Demanded

---

COMPLAINT

---

*IFP*

JURISDICTION AND VENUE

1. This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, the Pregnancy Discrimination Act, and the Equal Pay Act.

2. Venue is proper in this District because the events giving rise to these claims occurred in Florida, where Defendant conducts business.

3. On May 22, 2025, the EEOC issued Plaintiff a Dismissal and Notice of Rights (Right to Sue Letter) for Charge No. 15H-2024-00032, attached as Exhibit A. This action is filed within 90 days of receipt of that notice.

---

PARTIES

4. Plaintiff, Natasha Dawes, is a resident of St. Petersburg, Florida, and was employed by Defendant from approximately July 13, 2013 until present

5. Defendant, Smile Brands East, LLC, is a large dental practice with more than 500 employees

FACTS

6. Plaintiff served as Periodontal Assistant for 6 years and Lead Periodontal Assistant for over five years.

7. In late 2024, she discovered she had not received her auto allowance for six months and was told it had been discontinued without notice. After threatening to file an EEOC complaint, she was reimbursed but placed on a Performance Improvement Plan without cause.

8. Plaintiff requested a raise to $25/hour due to her leadership duties and childcare needs; instead, Defendant offered $23/hour on probation and later hired a white assistant at $27/hour for the same team.

9. Plaintiff reported unsafe dental practices and unprofessional conduct by the new hire, but management ignored her concerns and instead accused her of being "aggressive."

10. While pregnant and experiencing workplace harassment, Plaintiff interviewed for a front desk position to remove herself from the hostile environment. The position was offered to a non-pregnant employee with more experience. Plaintiff declined other positions and requested to remain in her Lead Periodontal Assistant role.

11. Shortly thereafter, Defendant demoted Plaintiff from her lead role to Treatment Coordinator, despite no change in pay, and placed her under a final warning without any prior discipline.

12. Plaintiff's work for Defendant included assignments in multiple Florida counties, including Pinellas, Hillsborough, and Hernando Counties.

13. Plaintiff continues to perform multiple roles without the title, recognition, or authority she previously held, and works under a final warning despite no prior history of discipline.

---

CLAIMS

Count I – Race Discrimination: Defendant treated Plaintiff less favorably than similarly situated white employees regarding pay, discipline, and job duties.

Count II – Pregnancy Discrimination: Defendant discriminated against Plaintiff because of pregnancy by denying accommodations, overloading her work, and removing her from her leadership role.

Count III – Retaliation: Defendant retaliated against Plaintiff for complaining about discrimination and reporting safety violations by placing her on probation, issuing a final warning, and demoting her.

Count IV – Equal Pay Act: Defendant paid Plaintiff less than a white employee performing substantially equal work.

---

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Reinstate her to the Lead Periodontal Assistant role or award front pay.

2. Award compensatory damages for emotional distress, humiliation, anxiety, and mental anguish.

3. Award punitive damages up to the statutory maximum of $300,000.

4. Award attorney's fees and costs.

5. Grant such other relief as the Court deems just and proper.

---

Jury Trial Demanded

Respectfully submitted,

Natasha Dawes

Pro Se Plaintiff

4151 5th Avenue South

Saint Petersburg, FL 33711

941-467-6359

Ndawes2a4@yahoo.com

---

Ex HIBIT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Miami District Office**

Miami Tower
100 SE 2nd Street, Suite 1500
Miami, FL 33131

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

### Thursday, May 22, 2025

**To:**  Natasha Dawes
4145 5th Avenue South
Saint Petersburg, FL 33711

**Natasha Dawes v. BrightNow Dental**
**EEOC Charge Number:  15H-2024-00032**

EEOC Representative and email:    Frank C. Hernandez
State, Local and Tribal Program Manager
Frank.hernandez@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the determination that substantial weight has been accorded to the findings of the state or local fair employment practices agency that investigated your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue.  If you choose to file a lawsuit against the respondent(s) on this charge under federal law, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.**  Receipt generally occurs on the date that you (or your representative) received this document.  You should keep a record of the date you received this notice.  Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days.  (The time limit for filing a lawsuit based on a claim under state law may be different.)

**Please retain this notice for your records.**

On Behalf of the Commission:

Digitally Signed By: Evangeline Hawthorne
05/22/2025
Evangeline Hawthorne
Director

cc: BrightNow Dental
c/o Sarah Kuehnel, Esq.
Ogletree Deakins
100 North Tampa Street, Ste. 3600
Tampa, FL 33602

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) received the document. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE

To request a copy of your charge file, contact the Fair Employment Practices Agency that investigated your charge.